——————— Carrington, Plaintiff; *v.* Panama Mail Steamship Company, Defendant.

Supreme Court, Kings County, November 4, 1929.

*Silas B. Axtell,* for the plaintiff.

*Kirlin, Campbell, Hickox, Keating & McGrann,* for the defendant.

May, J.    I am of the opinion that this action is properly brought under the provisions of the so-called Jones Act (38 U. S. Stat. at Large, 1185, § 20, as amd. by 41 id. 1007, § 33; U. S. Code, tit. 46, § 688), and that the deceased, who was working on the vessel as a longshoreman under the employment of the defendant when he received the injuries causing his death, comes within the term " seamen " as used in that act.    (See *International Stevedoring Co.* v. *Haverty,* 272 U. S. 50; *Buzynski* v. *Luckenbach S. S. Co.,* 277 id. 226.)    Those cases hold that stevedores, working on a vessel and performing the same maritime services that formerly were rendered by members of the crew, are included within the term " seamen."    And, with respect to the application of the rule, there is no distinction between a stevedore and a longshoreman.    Both are engaged in the performance of work maritime in character. (*Resigno* v. *Jarka Co.,* 248 N. Y. 225.)

The locus of the injury which caused the death herein was the vessel and not the port of Cristobal, where the vessel happened to be lying.    This follows from the rule known as the Law of the Flag, to the effect that a vessel is a part of the territory of the nation whose flag she flies, and the laws of that nation govern the liability of the owner with respect to maritime torts.    In other words, the

jurisdiction and laws of the nation where the vessel is owned follow her into whatever ports and harbors she may enter. If this be true, it follows that, since the tort here complained of was committed on an American vessel presumably flying the American flag, the action is governed by the laws of the United States and not by the special laws applicable to the Canal Zone. The action is properly brought by the personal representative of the deceased.

Furthermore, since the Federal legislation is controlling, section 130 and former section 160 of the Decedent Estate Law (as amd. by Laws of 1925, chap. 603)* as well as the provisions of the General Corporation Law and other State statutes, to which reference has been made, are not applicable.

Motion is denied.

---

* Repealed by Laws of 1926, chap. 660.—[REP.