EMANUEL ALEXIADIS, Respondent, Appellant, v. HARRY H. FISHER, Appellant, Respondent, and ABRAHAM B. SCHEUMANN, Respondent.— Amended judgment, in so far as appealed from by plaintiff, affirmed, with costs to defendant Scheumann as against plaintiff. No opinion. Kapper, Carswell, Scudder and Tompkins, JJ., concur; Lazansky, P. J., dissents upon the ground that Scheumann assigned nothing to plaintiff and later was unable to arrange for a marketable title.

ARTIC FRUIT ICES, INC., Plaintiff, v. SERVICE BUTTER & EGG CO., INC., Respondent, and ALEX GROSSMAN & CO., INC., Appellant.— Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion to bring in as a party defendant Alex Grossman & Co., Inc., denied, with ten dollars costs. It does not appear that Alex Grossman & Co., Inc., " is or will be liable "* to Service Butter & Egg Co., Inc. It " may " be liable, but this is not sufficient. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

WACIL BIBLE, Respondent, v. THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Appellant.— Judgment of the City Court of Yonkers affirmed, with costs, upon authority of *Satz* v. *Massachusetts Bonding & Ins. Co.* (243 N. Y. 385). Lazansky, P. J., Kapper and Tompkins, JJ., concur; Hagarty and Scudder, JJ., dissent and vote to reverse and to dismiss the complaint.

IDA CARRINGTON, as Administratrix, etc., of PERCY CARRINGTON, Deceased, Respondent, v. PANAMA MAIL STEAMSHIP COMPANY, Appellant.— Order denying motion to dismiss complaint reversed upon the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. In the exercise of its discretion, which should have been exercised by the Special Term, this court declines to entertain jurisdiction. of this action. (*Murnan* v. *Wabash R. Co.*, 246 N. Y. 244; *Pietraroia* v. *N. J. & H. R. R. & F. Co.*, 197 id. 434.) Plaintiff here sues as administratrix to recover damages for the death of her intestate, under letters of administration issued to her by the Canal Zone District, Isthmus of Panama. Defendant, although it has an office in this State, is a foreign corporation, organized under the laws of the State of Delaware. Plaintiff's intestate was a resident of the Canal Zone and received the injuries which, it is claimed, resulted in his death while he was working as a stevedore on the defendant's steamship *City of Panama*, at Cristobal, Canal Zone. No reason has been advanced why this case should have been brought in our courts, assuming plaintiff's right to recover under the provisions of the Merchant Marine Act of 1920, commonly called the Jones Act.† Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur. [136 Misc. 850.]

---

\* See Civ. Prac. Act, § 193, subd. 2, as amd. by Laws of 1923, chap. 250.— [REP.

† See 41 U. S. Stat. at Large, 1007, § 33; now U. S. Code, tit. 46, § 688.— [REP.