Ruth E. Maloney, as Administratrix of the Estate of Thomas F. Maloney, Deceased, Appellant, v. State of New York, Respondent. (Claim No. 31319.)

Fourth Department, July 11, 1956.

*N. Earle Evan, Jr.,* and *Robert B. Anderson* for appellant.

*Jacob K. Javits, Attorney-General (John R. Davison* of counsel), for respondent.

Williams, J. This is an action against the State of New York under the Merchant Marine Act of 1920 (U. S. Code, tit. 46, § 688) commonly known as the Jones Act. The deceased was a State

employee. His administratrix, the present claimant, appeals from a judgment of the Court of Claims dismissing the claim for want of jurisdiction.

Deceased was employed as a member of the crew of a derrick barge owned and operated by the State. During the performance of his work, he received injuries resulting in death. The Court of Claims found that the barge was a vessel and deceased was a seaman within the meaning of the Jones Act, and that the accident occurred upon navigable waters of the United States. The Jones Act provides: " Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representatives of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." The final sentence of the statute applies only to venue in the Federal courts, and State courts of competent jurisdiction may hear Jones Act cases (*Engel* v. *Davenport,* 271 U. S. 33).

Article II of the Court of Claims Act is entitled: " Jurisdiction ", and section 8 (which in 1939 replaced former § 12-a enacted in 1929) provides: " The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article. *Nothing herein contained shall be construed to affect, alter or repeal any provision of the workmen's compensation law.*" (Emphasis supplied.) Subdivision 1 of section 3 of the Workmen's Compensation Law provides: " Compensation shall be payable for injuries or death incurred by employees in the following employments: * * * Group 16. Any employment by the state * * * ". Since the deceased was covered by the State Insurance Fund, the employer's liability to pay compensation is " exclusive and in place of any other liability whatsoever " (Workmen's Compensation Law, § 11).

We consider these statutes controlling. The State, undoubtedly aware of the provisions of the Jones Act, which was enacted in 1920 and which applies only where there is an employer-employee relationship, has made compensation the exclusive remedy available to State employees injured in the course of their employment and has withheld consent to be sued in such cases. If the Court of Claims, by virtue of the statute creating and defining its jurisdiction, were empowered to hear an employee's claim against the State, of course it would be no objection that the claim was based on a maritime tort governed by Federal substantive law (U. S. Code, tit. 28, § 1333; *Red Cross Line* v. *Atlantic Fruit Co.,* 264 U. S. 109, 123). Claimant's brief is largely devoted to that question, concerning which there can be no dispute. But it is equally clear that Congress, in enacting the Jones Act, had neither the intent nor the power to require State courts to accept such cases in defiance of the statutes limiting their jurisdiction (*Engel* v. *Davenport,* 271 U. S. 33, 37, *supra*; Second Employers' Liability Cases, 223 U. S. 1, 59; cf. *Southern Ry. Co.* v. *Mayfield,* 340 U. S. 1; *Carrington* v. *Panama Mail S. S. Co.,* 232 App. Div. 695; see, also, U. S. Const., 11th Amdt.; *Hans* v. *Louisiana,* 134 U. S. 1; *Ex Parte State of New York,* 256 U. S. 490).

Claimant correctly cites *Otis* v. *State of New York* (176 Misc. 389) as an authority in support of jurisdiction. We must disapprove that decision. It draws too large a principle from *Southern Pacific Co.* v. *Jensen* (244 U. S. 205, 215, 216), which held that State workmen's compensation acts may not be validly applied to injuries received in the course of a maritime employment. The Supreme Court stated that under the Constitution " Congress has paramount power to fix and determine the maritime law which shall prevail throughout the country ", and that State legislation is invalid " if it contravenes the essential purpose expressed by an act of Congress or works material prejudice to the characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law in its international and interstate relations." The Jones Act " extends territorially as far as Congress can make it go, and there is nothing in it to cause its operation to be otherwise than uniform." (*Panama R. R. Co.* v. *Johnson,* 264 U. S. 375, 392; *Lindgren* v. *United States,* 281 U. S. 38, 46.) Thus it has been held that where the Jones Act applies, a State workmen's compensation act is inapplicable to a private employment. (*Northern Coal Co.* v. *Strand,* 278 U. S. 142.)

The court in *Otis* v. *State of New York* (*supra*) was apparently moved to hold that the Court of Claims had jurisdiction by the

thought that the Jones Act occupied the field of maritime injuries to seamen, and that no State remedy such as workmen's compensation could validly apply to such a case. But it seems reasonable to say that a seaman in the employ of the State is protected by compensation, and that the doctrine of *Northern Coal Co.* v. *Strand* (*supra*) has no application where a State has not consented to be sued by its employees; for in such a case the Jones Act can have no practical application, and there is no inconsistency in extending workmen's compensation to such employees. This is not a prohibited alteration of the uniformity of the general maritime law. That law has always been subject to the slight disharmony which necessarily results from the State's sovereign immunity from suit. In prohibiting an assumption of jurisdiction by the Federal District Court of a claim against this State, the Supreme Court stated (*Ex Parte State of New York,* 256 U. S. 490, 502, *supra*): "There is no substance in the contention that this result enables the State of New York to impose its local law upon the admiralty jurisdiction, to the detriment of the characteristic symmetry and uniformity of the rules of maritime law insisted upon in [*Southern Pacific Co.* v. *Jensen, supra,* and other cases]. The symmetry and harmony maintained in those cases consists in the uniform operation and effect of the characteristic principles and rules of the maritime law as a body of substantive law operative alike upon all who are subject to the jurisdiction of the admiralty, and binding upon other courts as well. * * * It is not inconsistent in principle to accord to the States, which enjoy the prerogatives of sovereignty to the extent of being exempt from litigation at the suit of individuals in all other judicial tribunals, a like exemption in the courts of admiralty and maritime jurisdiction." The Merchant Marine Act of 1920 does establish a uniform principle of substantive law, applicable in its field unhampered by the exceptions or alterations of State law; but it does not and cannot alter the sovereign's immunity from suit or enlarge the jurisdiction of State courts. Local control of the jurisdiction of State tribunals is not subordinate to Federal control of the substantive rules of admiralty law. The latter may not affect the former. The Court of Claims Act contains no waiver of immunity as to claims of persons covered by the Workmen's Compensation Law, and there is no jurisdiction to hear such claims.

The judgment must be affirmed.

All concur. Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

Judgment affirmed, without costs of this appeal to either party.