■ RAMON CEPEDA et al., Appellants, v THOMAS A. COUGHLIN, III, Individually and as Commissioner of the State Department of Correctional Services, et al., Respondents.—Weiss, J. Appeal from an order of the Supreme Court (Conway, J.), entered March 17, 1986 in Albany County, which granted defendants' motion to dismiss the complaint for lack of subject matter jurisdiction.

Plaintiffs are inmates at Great Meadow Correctional Facility and, except for defendant Commissioner of Correctional Services, the remaining defendants are correction officers and their superiors at the facility. In this action pursuant to 42 USC § 1983, plaintiffs allege that the correction officers used excessive force and assaulted them on June 25, 1984 during an inmate disturbance which originated during plaintiffs' transfer from outdoor exercise pens back to their cells. According to the incident report, plaintiff Angelo Cortez initiated the disturbance by punching and kicking defendant Christopher Thompkin, and Cortez was eventually physically subdued. The remaining plaintiffs then refused to be handcuffed and exit their exercise pens peacefully. Each fought with the correction officers and were physically subdued. Plaintiffs contend that their due process rights were violated and that the force used and assaults upon them constituted cruel and unusual treatment.* Supreme Court granted defendants' CPLR 3211 (a) (2) motion to dismiss the complaint for lack of subject matter jurisdiction, giving rise to this appeal.

Correction Law § 24 provides in pertinent part:

---

* The complaint also alleges causes of action in negligence and intentional tort.

"1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

"2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state."

Plaintiffs argue that because the correction officers used excessive force contrary to regulations of the Department of Correctional Services, they acted beyond the scope of their employment, as a result of which Correction Law § 24 is inapplicable to this action. We disagree.

As observed by Supreme Court, *Riviello v Waldron* (47 NY2d 297) sets forth five factors with which to determine whether the acts of an employee are within the scope of employment *(id.,* at 303). Giving due regard to these guidelines, we observe that the correction officers were actually on duty in the correctional facility performing a basic job function at the time of the incident, i.e., supervising and controlling the activities and movement of inmates. While the use of excessive force against inmates is prohibited by statute *(see,* Correction Law § 137 [5]), in actuality, physical force is often required and used to control inmates. In this respect, the record indicates that the physical force resorted to by the correction officers was occasioned by plaintiffs' own acts of violence. Moreover, the Court of Appeals has instructed that an employee will be considered within the scope of his employment so long as he is discharging his duties, " ' "no matter how irregularly, or with what disregard of instructions" ' " *(Riviello v Waldron, supra,* at 302, quoting *Jones v Weigand,* 134 App Div 644, 645; *see, O'Boyle v Avis Rent-a-Car Sys.,* 78 AD2d 431, 443). Finally, it is entirely foreseeable that correction officers will be called upon to quell disturbances and subdue violence among inmates.

Here, the correction officers were performing a normal and regular duty of returning inmates to their cells; when confronted with violent refusals to comply accompanied by direct assaults upon them, the officers responded with force. Again, *Riviello* instructs that "where the element of general foreseeability exists, even intentional tort situations have been found to fall within the scope of employment" *(Riviello v Waldron,*

*supra,* at 304). Custody and control of inmates and the maintenance of prison safety and security are the primary duties and responsibilities of correction officers. It cannot be said that their conduct was outside the scope of their employment. Since there is no conflicting evidence as to the essential facts, a court may make this determination as a matter of law *(see, McBride v County of Schenectady,* 110 AD2d 1000, 1001). Hence, Supreme Court correctly determined that the correction officers were acting within the scope of their employment and that Correction Law § 24 is a bar to this action.

Finally, plaintiffs' assertion that Correction Law § 24 violates the Supremacy Clause of the US Constitution because it effectively precludes any action in this State, pursuant to 42 USC § 1983, against a correction officer, was neither raised in the pleadings nor before Supreme Court and, thus, was not preserved for our review *(see, Matter of Latrice R.,* 93 AD2d 838, *appeal denied* 59 NY2d 604; *Peasley v Reid,* 57 AD2d 998; 4 NY Jur 2d, Appellate Review, § 117, at 187). In any event, subject matter jurisdiction of its courts is exclusively a matter for the State *(see, Gulf Offshore Co. v Mobil Oil Corp.,* 453 US 473, 477-478; *Maloney v State of New York,* 2 AD2d 195, 197, *affd* 3 NY2d 356), and since Correction Law § 24 prohibits *all* civil actions against correction officers in their personal capacities, we perceive no violation of the Supremacy Clause *(see, Martinez v California,* 444 US 277, 283-284, n 7). Moreover, as defendants note in their brief, plaintiffs are free to pursue their claim in Federal court, and several apparently have done so.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.