**Eulette M. STEWART, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE and Tony Pereira, Defendants.**

No. 92–CV–5924 (DRH).

United States District Court, E.D. New York, Hauppauge Division.

Aug. 29, 1994.

---

Eulette M. Stewart, pro se.

Zachary W. Carter, U.S. Atty., E.D.N.Y. by Jorin G. Rubin, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

## ORDER

HURLEY, District Judge.

In the above-referenced action, *pro se* Plaintiff Eulette M. Stewart seeks an unspecified amount of property damages for injuries arising out of an automobile accident. Currently before the Court is the motion of Defendant Internal Revenue Service ("IRS") to (1) dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1), on the ground that the Court lacks subject matter jurisdiction, and (2) limit Plaintiff's damages to the amount requested in her administrative claim. For the reasons stated below, Defendant's motion is denied in part and granted in part.

## STATEMENT OF FACTS

In her Complaint, Plaintiff alleges that on October 22, 1990, her vehicle was disabled on Atlantic Avenue in Brooklyn, New York. While on Atlantic Avenue, the vehicle was struck in the rear by a vehicle registered to the IRS. The IRS vehicle was driven by Defendant Tony Pereira, who was employed at the IRS District Office in Brooklyn.

In response to Plaintiff's Complaint, the IRS has submitted a signed Declaration by Defendant Pereira's immediate supervisor, Richard Soto, a Warehouse Supervisor at the Resource Management Division of the IRS. The Declaration alleges that the keys to the vehicle were kept in a locked box, and that Defendant Pereira opened his supervisor's locked desk to obtain the key to the box. Defendant Pereira then used his supervisor's keys to gain access to the keys for the vehicle, in violation of the IRS procedure for use of official vehicles. (*See* Notice of Mot., Ex. A.) Therefore, Defendant IRS contends that Pereira was driving the vehicle without authorization at the time of the accident.

## PROCEDURAL HISTORY

On March 4, 1992, Plaintiff filed an administrative claim under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, for $2,954.88 in property damages. Plaintiff's "Claim for Damage, Injury or Death" was denied by a letter dated July 31, 1992, and signed by Richard L. Schutz, Claims Manager for the IRS. On December 14, 1992, following the denial of her claim, Plaintiff filed the Complaint in this action.

## DISCUSSION

### A. Preliminary Issues

■ There are two preliminary issues that the Court must consider before proceeding to the merits of Defendant's motion. First, in her Complaint, Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 2401(b). This section, however, does not provide a jurisdictional basis for her claim; instead, it merely provides the applicable statute of limitations for suits filed under the FTCA. Because Plaintiff is proceeding *pro se*, however, the Court liberally construes her pleadings, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), and presumes that Plaintiff is bringing this action pursuant to the FTCA. (*See* Gov't Mem. at 4.)

■ Secondly, Plaintiff's Complaint improperly names the IRS as a defendant in this action. As the Government correctly notes, the FTCA precludes tort suits against federal agencies. *See* 28 U.S.C. § 2679(a). Instead, "[t]he only proper federal institutional defendant in such an action is the United States." *Rivera v. United States*, 928 F.2d 592, 609 (2d Cir.1991). Therefore, with the Government's consent (*see* Gov't Mem. at 2), the United States will be substituted for the IRS as defendant in this action.

### B. Subject Matter Jurisdiction

The Government moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that the Court lacks subject matter jurisdiction. At the outset, the Court notes that, in reviewing a motion to dismiss under Rule 12(b)(1), "a court may resolve any factual issue relating to the existence of subject matter jurisdiction." *Wolde–Meskel v. Tremont Commonwealth Council*, No. 93 CIV. 6515, 1994 WL 167977 (S.D.N.Y. Apr. 29, 1994) (citing *Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947), *overruled on other grounds, Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949)). Because a 12(b)(1) motion does not merely attack the face of the pleadings, *Curtis v. Harry Winston, Inc.*, 653 F.Supp. 1504, 1505 n. 1 (S.D.N.Y.1987), the Court may consider evidence submitted outside the pleadings "by affidavit or otherwise." *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986) (citation omitted).

When bringing a tort claim against the United States in federal court, a plaintiff must satisfy two jurisdictional requirements. First, the plaintiff must "have ... presented the claim to the appropriate Federal agency and his claim [must] have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a) (1988). This jurisdictional prerequisite has been satisfied in this case. (*See* Corr. dated July 31, 1992, from the IRS).

■ Secondly, the plaintiff must persuade the Court that it has subject matter jurisdiction under the FTCA's waiver of immunity. *See* 28 U.S.C. § 1346(b). The United States of America, as sovereign, is immune from suit except to the extent it consents to be sued. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The FTCA serves as a limited waiver of sovereign immunity, in that it subjects the federal government to liability "to the same extent as a private person for certain torts of employees ... acting within the scope of their employment." *Leone v. United States*, 910 F.2d 46, 48 (2d Cir.1990), *cert. denied*, 499 U.S. 905, 111 S.Ct. 1103, 113 L.Ed.2d 213 (1991); *see also* 28 U.S.C. §§ 1346(b), 2679(b)(1).

■ Thus, in this case, to prevail on her claim, Plaintiff must demonstrate that the driver of the vehicle was "acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b), 2674. Defendant IRS

contends that Plaintiff cannot make such a demonstration. To resolve this dispute, and determine whether Defendant Pereira was acting within the scope of his employment, as used in the FTCA, the Court must look to state law. *Williams v. United States,* 350 U.S. 857, 857, 76 S.Ct. 100, 100, 100 L.Ed. 761 (1955) (per curiam).

Under New York law,[1] a court may weigh five factors in determining whether an individual was acting within the scope of his or her employment:

> (1) the connection between the time, place and occasion for the act; (2) the history of the relationship between the employer and employee as spelled out in actual practice; (3) whether the act is one commonly done by such employee; (4) the extent of the departure from normal methods of performance; and (5) whether the specific act was one that the employer could reasonably have anticipated.

*Essig v. United States,* 675 F.Supp. 84, 86 (E.D.N.Y.1987) (quoting *Riviello v. Waldron,* 47 N.Y.2d 297, 418 N.Y.S.2d 300, 303, 391 N.E.2d 1278, 1281 (1979)).

"Because the determination of whether a particular act was within the scope of the servant's employment is so heavily dependent on factual considerations, the question is ordinarily one for the jury." *Riviello,* 418 N.Y.S.2d at 303, 391 N.E.2d at 1281. However, where "there is no conflicting evidence as to the essential facts a court may make this determination as a matter of law." *Cepeda v. Coughlin,* 128 A.D.2d 995, 513 N.Y.S.2d 528, 530 (3d Dep't) (citation omitted), *appeal denied,* 70 N.Y.2d 602, 518 N.Y.S.2d 1024, 512 N.E.2d 550 (1987).

■ In support of its position that Defendant Pereira was not acting within the scope of his employment, the IRS has submitted a Declaration by Richard Soto, Defendant Pereira's supervisor. This Declaration alleges facts to support the conclusion that Defendant Pereira was not working within the scope of his employment: the accident occurred after working hours and the use of the vehicle at that time was unrelated to his official duties; the practice by the employer was apparently not to permit such personal use of agency vehicles, in that the keys to the vehicle were kept in a locked box; and because the vehicle was taken without permission, the use of the vehicle was seemingly uncommon, was a departure from normal methods of performance, and was not the "general type of conduct that may have been reasonably expected." *See Riviello,* 418 N.Y.S.2d at 303–04, 391 N.E.2d at 1282; *see also* Not.Mot.Ex. A. Instead, Pereira's conduct was wholly personal in nature. *See Stavitz v. City of New York,* 98 A.D.2d 529, 471 N.Y.S.2d 272, 274 (1st Dep't 1984).

To date, Plaintiff has not provided this Court with any information contrary to the allegations in the sworn declaration. Therefore, under New York law, the Court would be permitted to conclude, as a matter of law, that Defendant Pereira was not acting within the scope of his employment. *See Cepeda,* 513 N.Y.S.2d at 530.

■ However, the Court is mindful that, when considering a 12(b)(1) motion, a court is required "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *See Ensign–Bickford Co. v. ICI Explosives USA Inc.,* 817 F.Supp. 1018, 1028 (D.Conn.1993) (citation omitted). Indeed; to ensure that it is not dismissing a valid claim for lack of subject matter jurisdiction, a court may permit the party asserting jurisdiction to engage in discovery to demonstrate jurisdiction. *Kamen,* 791 F.2d at 1011 (citations omitted). This limited discovery is especially appropriate where the facts regarding jurisdiction are peculiarly within the knowledge of the opposing party. *Id.*

■ In the present case, the authorization for the use of the IRS vehicle is peculiarly within the knowledge of the Defendants. Without the benefit of discovery, Plaintiff is not in a position to allege that Defendant Pereira was acting within the scope of his employment. Therefore, before granting Defendant's motion to dismiss, the Court will permit Plaintiff limited discovery regarding jurisdiction, or, in the alternative, Plaintiff

---

1. The Court applies the law of the State of New York, the place where the accident occurred.

*Essig v. United States,* 675 F.Supp. 84, 86 (E.D.N.Y.1987); 28 U.S.C. 1346(b).

may present the Court with any relevant information in her possession that would demonstrate that Defendant Pereira was acting within the scope of his employment. Plaintiff must conduct discovery or make submissions to this Court regarding jurisdiction on or before November 18, 1994. If Plaintiff fails to respond on or before that date, the Court will dismiss the action.

## C. *Limitation of Damages*

 Defendant IRS also moves to limit Plaintiff's damages to the amount requested in her administrative claim. Under the FTCA, damages in a civil action may not be awarded in an amount exceeding that sought in the plaintiff's administrative claim, unless the plaintiff's complaint is based on evidence not reasonably discoverable at the time that the administrative claim was presented. 28 U.S.C. § 2675(b). Because Plaintiff Stewart has not alleged the existence of any newly discovered evidence, Plaintiff's damages, if any, will be limited to $2,954.88, the amount sought in her administrative claim.

## CONCLUSION

For the foregoing reasons, the United States of America is to be substituted for Defendant IRS, Defendant's motion to dismiss Plaintiff's claim for lack of subject matter jurisdiction is denied at this time, and Defendant's motion to limit Plaintiff's damages to the amount requested in her administrative claim is granted.

SO ORDERED.