Edley BAKER, As Administratrix of the Estate of Willie Baker, Plaintiff–Appellee,

Edley Baker, Counter–Defendant,

Mark Erhardt, Cross–Claimant,

and

Mark Erhardt, A Correctional Officer at Lakeview Shock Incarceration Facility; Gilbert Acevedo, A Correctional Sergeant at Lakeview Shock Incarceration Facility; James Cullinan, A Correctional Sergeant at Lakeview Shock Incarcer-

ation Facility; John Doe, C.O., a ficticious name, Correctional Officers at Lakeview Shock Incarceration Facility; Douglas Smardz, Correctional Officer; John Attea, Jr., Correctional Officer, Defendants,

v.

Thomas A. COUGHLIN, III, Commissioner of the New York State Department of Correctional Services; Glen Gord, Deputy Commissioner for Security for the New York State Department of Correctional Services; Robert Greifinger, Deputy Commissioner and Chief Medical Officer for the New York State Department of Correctional Services; Ronald Moscicki, Superintendent of Lakeview Shock Incarceration Facility; Daniel Urbank, A Correctional Officer at Lakeview Shock Incarceration Facility; Jose Galindo, M.D., Medical Director at Lakeview Shock Incarceration Facility; James Steeg, R.N., Nurse Administrator at Lakeview Shock Incarceration Facility; Richard Lester, Regional Health Services Administrator for Lakeview Shock Incarceration Facility, Individually and in their Official Capacities; Catherine Day, R.N., at Lakeview Shock Incarceration Facility, Defendants–Appellants,

Mark Erhardt; Gilbert Acevedo; James Cullinan, Counter–Claimants,

Thomas A. Coughlin, III; Glen Gord; Robert Greifinger; Ronald Moscicki; Daniel Urbank; Jose Galindo; James Steeg; Richard Lester, Counter–Claimants–Appellants.

Nos. 952, 1203 to 1206, Docket 95–2498, 95–2499, 95–2520, 95–2521 and 95–2549.

United States Court of Appeals, Second Circuit.

Argued Jan. 19, 1996.

Decided Feb. 9, 1996.

---

Howard L. Zwickel, Assistant Attorney General of the State of New York, Albany, New York (Dennis C. Vacco, Attorney General, Peter H. Schiff, Deputy Solicitor General, Nancy A. Spiegel, Assistant Attorney General, Albany, New York, of counsel), for Defendants–Appellants Coughlin, Gord, Greifinger, Moscicki, Galindo, Steeg, Day, and Lester.

Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, Buffalo, New York (Richard Weisbeck, Buffalo, New York, of counsel), for Defendant–Appellant Erhardt.[1]

Rowley, Forrest, O'Donnell, Beaumont & Pelerisi, P.C., Albany, New York (Brian J. O'Donnell, Albany, New York, of counsel), for Defendant–Appellant Urbank.

Lawrence D. Behr, Buffalo, New York, for Defendant–Appellant Cullinan.[1]

Danieu and Attea Law Firm, North Boston, New York (Richard J. Attea, North Boston, New York, of counsel), for Defendant–Appellant Attea.[1]

Elizabeth L. Koob, New York, New York, (Joan Magoolaghan, Cara Cherny, Law Graduate, Koob & Magoolaghan, New York, New York, of counsel), for Plaintiff–Appellee.

Before: NEWMAN, Chief Judge, MAHONEY, Circuit Judge, and SAND, District Judge.[*]

MAHONEY, Circuit Judge:

Defendants-appellants John Attea, Jr., Thomas A. Coughlin, III, James Cullinan, Catherine Day, Mark Erhardt, Jose Galindo, Glen Gord, Robert Greifinger, Richard Lester, Ronald Moscicki, James Steeg, and Daniel Urbank (collectively "Appellants") appeal

---

1. The caption of this appeal incorrectly names Erhardt, Cullinan, and Attea as defendants rather than as defendants-appellants. Each has filed a notice of appeal.

* The Honorable Leonard B. Sand of the United States District Court for the Southern District of New York, sitting by designation.

from an order entered July 5, 1995 in the United States District Court for the Northern District of New York, Con. G. Cholakis, *Judge*, insofar as it denied their motion to dismiss state law tort claims brought by plaintiff-appellee Edley Baker ("Baker") against Appellants in their personal capacities. We conclude that Appellants are entitled to immunity from those claims pursuant to New York Correction Law § 24, and reverse.

### Background

Baker is the administratrix of the estate of her deceased son Willie Baker. At the time of his death, Willie Baker was an inmate at the Lakeview Shock Incarceration Facility ("Lakeview"). Appellants were officers and employees of the New York State Department of Correctional Services (the "Department"). Baker alleges that Willie Baker died of asphyxiation and strangulation as a result of an altercation at Lakeview between Willie Baker and some of the Appellants. Baker further alleges that those Appellants holding supervisory positions in the Department failed to provide Willie Baker with safe and secure custody consistent with good and accepted correctional practices, and that other Appellants failed to provide appropriate medical care that could have saved Willie Baker's life.

Baker commenced the present suit in federal court, seeking damages pursuant to 42 U.S.C. § 1983 for violations of Willie Baker's constitutional rights. Baker's complaint, which named Appellants both individually and in their official capacities, included pendent state law claims for common law intentional tort, negligence, and medical malpractice. Appellants moved, *inter alia*, to dismiss the state law claims for lack of subject matter jurisdiction pursuant to New York Correction Law § 24 and the Eleventh Amendment. The district court granted the motion with respect to Baker's state law claims against Appellants in their official capacities, holding that the Eleventh Amendment barred such suits in federal court.

*Baker v. Coughlin*, No. 93–CV–1324, slip op. at 10 (N.D.N.Y. June 30, 1995). The district court denied the motion, however, with respect to Baker's pendent state law claims against Appellants in their personal capacities. *Id.* The district court adopted the reasoning of *Brown v. Coughlin*, 869 F.Supp. 196 (S.D.N.Y.1994), and concluded that § 24 was a procedural and indemnity provision that did not provide corrections officers with immunity from state law claims brought against them in their personal capacities in federal court. *Baker*, slip op. at 10.

This appeal followed.[2]

### Discussion

New York Correction Law § 24 provides in pertinent part:

1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the [Department of Correctional Services], in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the [Department of Correctional Services] shall be brought and maintained in the court of claims as a claim against the state.

■ While conceding that her pendent claims could not be brought against Appellants in their personal capacities in a New York court, *see Arteaga v. State*, 72 N.Y.2d 212, 221, 532 N.Y.S.2d 57, 62, 527 N.E.2d 1194, 1199 (1988) ("[I]nmates are precluded by [§ 24(1) ] from suing Correction Department employees in their personal capacity in State courts...."); *Cepeda v. Coughlin*, 128 A.D.2d 995, 997, 513 N.Y.S.2d 528, 530 (3d

---

**2.** As we held in *Napolitano v. Flynn*, 949 F.2d 617, 621 (2d Cir.1991), a district court's denial of a claim of official immunity under state law is an immediately appealable collateral order under the doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949).

Dep't) (same), *appeal denied,* 70 N.Y.2d 602, 518 N.Y.S.2d 1024, 512 N.E.2d 550 (1987), Baker contends that § 24 does not prevent her from bringing those same state law claims in federal court. She argues that because § 24(1) refers only to actions brought "in any court of the state," that section does not abrogate her common law rights against corrections officers to the extent that relief is sought in federal court. However, § 24(2) requires that state law claims for damages against corrections officers "shall be brought ... [as] claim[s] against the state." This provision, by its plain terms, precludes the assertion of claims against corrections officers in any court, including the federal courts.[3] Baker seeks to avoid this conclusion by adopting the reasoning of *Brown,* which ruled that "[s]ubdivision 2 ... cannot properly be read in isolation" from subdivision 1 of § 24, 869 F.Supp. at 198 n. 4, and therefore preempts only personal capacity claims that are brought in state court.

Thus, Baker's argument concerning § 24(2) ultimately rests upon her analysis of § 24(1) as limiting personal capacity claims only in state courts. We reject that analysis. It is of no significance that § 24(1) refers only to actions in state courts, because a federal court acts essentially as a state court in addressing pendent state law claims. As we stated in *Promisel v. First American Artificial Flowers, Inc.,* 943 F.2d 251 (2d Cir.1991), *cert. denied,* 502 U.S. 1060, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992):

> In applying pendent jurisdiction, federal courts are bound to apply state substantive law to the state claim. *See United Mine Workers [v. Gibbs],* 383 U.S. [715,] 726, 86 S.Ct. [1130,] 1139, [16 L.Ed.2d 218 (1966) ]; *see also Van Gemert v. Boeing Co.,* 553 F.2d 812, 813 (2d Cir.1977) ("It is the source of the right, not the basis of federal jurisdiction, which determines the controlling law.")[.] This includes any restrictions set by the state on whether a plaintiff may bring a court action regarding the claim. *If a state would not recognize a plaintiff's right to bring a state claim in state court, a federal court exercising pendent jurisdiction, standing in the shoes of a state court, must follow the state's jurisdictional determination and not allow that claim to be appended to a federal law claim in federal court. See Hunnewell v. Manufacturers Hanover Trust Co.,* 628 F.Supp. 759, 761 (S.D.N.Y.1986).

943 F.2d at 257 (emphasis added); *see also Moodie v. Federal Reserve Bank,* 58 F.3d 879, 884 (2d Cir.1995) ("[A] state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim." (citing *Promisel,* 943 F.2d at 257)); *Rounseville v. Zahl,* 13 F.3d 625, 629 n. 1 (2d Cir.1994) (district court "bound to apply state law when ruling on a pendent state law claim"); *cf. Guaranty Trust Co. v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed.2079 (1945) ("In essence, the intent of [*Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938),] was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.").

■ We also reject Baker's characterization of § 24 as a procedural and indemnity statute under which the corrections officers remain the real parties in interest. On the contrary, we conclude that by its plain terms, § 24 governs the substantive rights of corrections officers by conferring upon them an immunity from liability for activities that fall within the scope of the statute.

Our view is not altered by Baker's invocation of the legislative history of § 24. When § 24 was initially adopted in 1972, it included as subdivision 3 an indemnification provision (later superseded by a broader indemnification statute that applies generally to public officers of New York State) for damage claims brought against corrections officers in a federal court. Then, as now (and indeed in

---

**3.** We note also that the Eleventh Amendment independently precludes suits against states in federal court.

16

this case), however, state corrections officers were subject to § 1983 claims in federal court, so the existence of indemnification for claims against such officers in federal court does not at all prove, or even tend to establish, that the state legislature was simultaneously (1) barring the assertion of state law claims against state corrections officers in their personal capacities in state court, while (2) authorizing such claims in federal court, but (3) providing indemnification against adverse federal determinations of such claims. Furthermore, Appellants present persuasive legislative history for the proposition that the 1972 indemnification provision was directed to § 1983 claims in federal court.

In sum, Appellants are entitled to invoke the benefits of § 24 irrespective of the forum in which Baker chooses to pursue her claims. Because a New York court would have dismissed Baker's claims against Appellants pursuant to § 24, the district court should have done so.

## Conclusion

The order of the district court entered July 5, 1995 is reversed insofar as it denied Appellants immunity under § 24 with respect to Baker's state law claims against Appellants in their personal capacities, and those claims are dismissed.