**Terry DEGRAFINREID, Plaintiff,**

v.

**Thomas RICKS, Superintendent of the Upstate Correctional Facility of the New York State Department of Correctional Services, et al., Defendants.**

No. 03 Civ. 6645(RWS).

United States District Court, S.D. New York.

Sept. 16, 2006.

**330**

Leavitt, Kerson & Duane by Paul E. Kerson, New York City, for Plaintiff.

Eliot Spitzer, Attorney General of the State of New York by Neil Shevlin, Assistant Attorney General, New York City, for Defendants.

## OPINION

SWEET, District Judge.

Defendants Ralph Bebee ("Bebee"), Edmund Barr ("Barr"), Amy Tousignant ("Tousignant"), George Watersin ("Watersin"), and Donna Masterson ("Masterson") (collectively, "Defendants") have moved pursuant to Rule 59(e), Fed.R.Civ.P., and Rule 6.3 of the Local Rules of Civil Procedure for reconsideration of that portion of this Court's opinion, dated February 23, 2006 (the "February 23 Opinion"), which denied Defendants' Rule 12(c) motion, dated January 31, 2005, for judgment on the pleadings to dismiss the state-law negligence cause of action of Plaintiff Terry Degrafinreid ("Degrafinreid"). For the reasons set forth below, the motion for reconsideration is granted, and Degrafinreid's negligence claim is dismissed.

### Prior Proceedings

The filing of Degranfinreid's complaint and the course of the litigation were described in the February 23 Opinion, *Degrafinreid v. Ricks*, 417 F.Supp.2d 403 (S.D.N.Y.2006), familiarity with which is assumed.

The instant motion for reconsideration was filed on March 8, 2006, and marked fully submitted on April 12, 2006.

### The Parties

At all times relevant to the allegations of the complaint, Degrafinreid was a prisoner in the custody of the New York State Department of Correctional Services ("DOCS"). (Compl.¶ 1.)

At the times relevant to the allegations of the complaint, Masterson was the ADA Coordinator of DOCS. (Compl.¶ 3.) Barr and Bebee were New York State Correction Officers in the employ of DOCS and assigned to Upstate. (Compl.¶ 4.) Watersin was a nurse employed by DOCS assigned to Upstate. (Compl.¶ 5.) Tousignant was a nurse administrator for DOCS assigned to Upstate. (Compl.¶ 6.)

### The Relevant Facts

The following facts are drawn from the allegations of Degrafinreid's complaint and a grievance referenced in his complaint, and are accepted as true for the purposes of this motion.

Because of a previous beating in the New York State prison system, Degrafinreid is nearly totally deaf and depends upon two hearing aids to be able to hear properly. (Compl.¶ 11.)

On or about September 10, 2002, at approximately 7:15 p.m., Barr and Bebee attacked Degrafinreid and destroyed his hearing aids. (Compl.¶¶ 12, 14.) In a grievance regarding the September 10, 2002 incident, Degrafinreid stated that Barr and Bebee were conducting a search of his cell for contraband when they allegedly broke his hearing aid and frisked him too roughly. (Grievance No. UST–13302–02, dated September 11, 2002, attached as exhibit to Reply Letter of Neil Shevlin, dated March 29, 2005.)

On or about September 26, 2002, Degrafinreid wrote to Masterson detailing the conduct of Barr and Bebee in destroying his hearing aids on or about September 10. (Compl.¶ 15.) On or about November 7, 2002, Masterson responded to Degrafinreid, "refusing to acknowledge the unlawful conduct" of Barr and Bebee in destroying Degrafinreid's hearing aids. (Compl.¶ 16.)

On November 17, 2002, Degrafinreid wrote to Eliot Spitzer, Attorney General of the State of New York ("Spitzer"). He received no response. (Compl.¶ 18.)

On or about December 12, 2002, Degrafinreid again wrote to Masterson detailing the refusal of DOCS to adequately deal with Degrafinreid's hearing problems. There was no response. (Compl.¶ 17.)

As of the date of the filing of the complaint, Degrafinreid had not been given replacement hearing aids by any of the officials of DOCS. (Compl.¶ 19.)

### The Standard For Reconsideration

A motion to reconsider "is to be treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." *United States v. Clark*, 984 F.2d 31, 32 (2d Cir.1993). The February 23 Opinion was entered on the docket on March 1, 2006. The instant motion, filed on March 8, 2006, therefore is treated as a motion pursuant to Rule 59(e), Fed. R.Civ.P.

Local Civil Rule 6.3 also governs motions for reconsideration in this district and provides, in pertinent part, as follows:

A notice of motion for reconsideration or re-argument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within ten (10) days after the entry of judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.

Local Civ. R. 6.3.

Motions to alter or amend judgments under Rule 59(e) and for reconsideration under Local Civil Rule 6.3 are evaluated under the same standard. *See Word v. Croce*, No. 01 Civ. 9614(LTS), 2004 WL 434038, at *2 (S.D.N.Y. Mar. 9, 2004); *Williams v. New York City Dep't of Corr.*, 219 F.R.D. 78, 83 (S.D.N.Y.2003); *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999). To receive reconsideration, " 'the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.' " *Word*, 2004 WL 434038, at *2 (quoting *Parrish v. Sollecito*, 253 F.Supp.2d 713, 715 (S.D.N.Y.2003)); *see also Williams*, 219 F.R.D. at 83. "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.' " *Montanile v. Nat'l Broad, Co.*, 216 F.Supp.2d 341, 342 (S.D.N.Y.2002) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000)).

### Reconsideration Is Granted

Defendants moved pursuant to Rule 12(c), Fed.R.Civ.P., to dismiss Plaintiff's negligence cause of action on the ground that, as employees of DOCS, they are entitled to the statutory immunity provided by New York Correction Law § 24. They now seek reconsideration of that portion of the February 23 Opinion denying their motion, arguing that the Court improperly

treated the motion as one claiming qualified immunity rather than statutory immunity. Plaintiff has not formally opposed the motion to reconsider, but relies on his complaint and the arguments raised in his March 22, 2005 opposition to the motion to dismiss. Although the February 23 Opinion correctly stated the standard for statutory immunity pursuant to New York Correction Law § 24, the discussion that followed addressed only qualified immunity. Accordingly, reconsideration is proper.

### The Rule 12(c) Standard

 "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (citing *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir.1998); *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994); *Ad–Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.*, 835 F.2d 980, 982 (2d Cir.1987)). For purposes of a Rule 12(c) motion, all allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the non-moving party. *D'Alessio v. New York Stock Exchange, Inc.*, 258 F.3d 93, 99 (2d Cir.2001). In deciding the motion, the Court can consider documents referenced in the complaint and documents that are in the plaintiff's possession or that the plaintiff knew of or relied on in bringing the suit. *Hughes v. Lillian Goldman Family, L.L.C.*, 153 F.Supp.2d 435, 439 (S.D.N.Y. 2001). The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle plaintiff to relief. *See Sheppard*, 18 F.3d at 150.

### The Motion For Judgment On The Pleadings Is Granted

Section 24(1) of the New York State Correction Law provides in pertinent part:

> No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department [of corrections], in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

N.Y. Correct. Law § 24(1) (McKinney 2006). In adopting the statute, the New York legislature recognized that corrections officers should be permitted to "perform the demanding task of maintaining safety and security within correctional facilities 'undeterred by the fear of personal liability and vexatious suits, which could substantially impair the effective performance of a discretionary function.'" *Ierardi v. Sisco*, 119 F.3d 183, 187 (2d Cir.1997) (quoting *Arteaga v. State*, 72 N.Y.2d 212, 222, 532 N.Y.S.2d 57, 527 N.E.2d 1194 (1988)). *See also, e.g., Baker v. Coughlin*, 77 F.3d 12, 14–15 (2d Cir.1996); *Cepeda v. Coughlin*, 128 A.D.2d 995, 513 N.Y.S.2d 528, 530 (N.Y.App.Div.1987).

 Although not absolute, the immunity provided by section 24 "is not necessarily unavailable simply because the challenged conduct is violative of regulations of the Department of Correctional Services, or otherwise beyond an officer's authority." *Ierardi*, 119 F.3d at 187 (citing *Cepeda*, 513 N.Y.S.2d at 530). So long as the alleged conduct of Defendants is within the scope of their employment and in the discharge of official duties, this Court may not entertain state-law claims for damages against Defendants in their

individual capacities.[1] *Ierardi,* 119 F.3d at 186; *Baker,* 77 F.3d at 14–15.

When determining an employee's scope of employment, New York courts have considered such factors as:

the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by any employee; the extent of the departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated.

*Riviello v. Waldron,* 47 N.Y.2d 297, 303, 418 N.Y.S.2d 300, 391 N.E.2d 1278 (1979). The New York Court of Appeals "has instructed that an employee will be considered within the scope of his employment so long as he is discharging his duties, 'no matter how irregularly, or with what disregard of instructions.'" *Cepeda v. Coughlin,* 128 A.D.2d 995, 513 N.Y.S.2d 528, 530 (N.Y.App.Div.1987) (quoting *Riviello,* 47 N.Y.2d at 302, 418 N.Y.S.2d 300, 391 N.E.2d 1278 (internal quotation marks omitted)).

In *Cepeda,* the Appellate Division held that corrections officers accused of using excessive force against inmates while transporting them were entitled to immunity under section 24 on the grounds that they were acting within the scope of their employment:

[W]e observe that the correction officers were actually on duty in the correctional facility performing a basic job function at the time of the incident, i.e., supervising and controlling the activities and movement of inmates.... Custody and control of inmates and the maintenance of prison safety and security are the primary duties and responsibilities of correction officers. It cannot be said that their conduct was outside the scope of their employment.

*Cepeda,* 513 N.Y.S.2d at 530.

 In his complaint, Degrafinreid stated his negligence cause of action as follows:

Defendants, while acting as employees of DOCS, owe a duty to plaintiff not to strike plaintiff in any manner, shape or form, and further, had a duty to plaintiff to provide him with an operable hearing aid and operable batteries. Further, defendants, and each of them, had a duty to plaintiff to perform their DOCS duties without the use of excessive force.

(Compl.¶ 44.) In his grievance, Degrafinreid stated that the September 10, 2002 incident occurred while Barr and Bebee were conducting a search of his cell for contraband. (Grievance No. UST–13302–02, dated September 11, 2002, attached as exhibit to Reply Letter of Neil Shevlin, dated March 29, 2005.)

Frisking inmates and searching their cells for contraband are essential aspects of "the maintenance of prison safety" and as such are among the "primary duties and responsibilities of corrections officers." *Cepeda,* 513 N.Y.S.2d at 530. Furthermore, although "the use of excessive force against inmates is prohibited by statute ... in actuality, physical force is often

---

**1.** Although DOCS employees are immunized from suit for such claims, the statute does not leave plaintiffs entirely without a remedy. A state-law claim barred by section 24(1) may be "brought and maintained in the court of claims as a claim against the state." N.Y. Correct. Law § 24(2) (McKinney 2006); *see also Baker v. Coughlin,* 77 F.3d 12, 15 (2d Cir.1996); *Woodward v. New York,* 23 A.D.3d 852, 805 N.Y.S.2d 670, 673 (N.Y.App.Div. 2005) (noting that section 24 "reflects the common-law principle that the State is the real party in interest where an action against a State officer is for conduct undertaken in an official capacity and in the exercise of an official governmental function").

required and used to control inmates." *Id.* Accordingly, the allegedly negligent acts of Barr and Bebee in using physical force against Degrafinreid and destroying his hearing aids in the discharge of these duties cannot be considered outside the scope of their employment. Degrafinreid's negligence cause of action against Barr and Bebee therefore is barred by section 24 of the Correction Law.

Similarly, the alleged negligence of the remaining Defendants in failing to provide Degrafinreid with operable hearing aids falls within the scope of their employment. It is clear that DOCS and its employees have "a duty to provide medical care and treatment to its prisoners." *See Kagan v. New York*, 221 A.D.2d 7, 646 N.Y.S.2d 336, 342 (N.Y.App.Div.1996). DOCS employees are commonly confronted with the decision to provide or deny medical treatment to inmates, and it is reasonably foreseeable that they will at times negligently fail to provide treatment. Such negligence in the course of "doing the employer's work" cannot be considered outside the scope of employment. *See Ierardi*, 119 F.3d at 188 (noting that New York courts had found conduct within the scope of employment where "the officers involved were endeavoring to do their job—perhaps poorly—at the time"). Thus, Degrafinreid's negligence cause of action against Tousignant, Watersin, and Masterson also is barred by section 24.

Degrafinreid notes that his claims under the Americans with Disabilities Act ("ADA") have survived Defendants' motion to dismiss and argues that conduct that violates the ADA "is by definition 'outside the scope of employment.'" Degrafinreid cites no authority for this proposition. While it is true that both New York and federal courts have on occasion found that the on-the-job conduct of DOCS employees was outside the scope of employment, such

holdings generally have been limited to cases in which the conduct "was prompted purely by personal reasons unrelated to the employer's interest," *Ierardi*, 119 F.3d at 188 (holding that correction officer's alleged sexual harassment of co-worker while on duty was beyond scope of employment), or "indicate[d] an intentional course of conduct contrary to institutional rules, training and common sense." *Spitz v. Coughlin*, 161 A.D.2d 1088, 557 N.Y.S.2d 647, 648 (N.Y.App.Div.1990) (finding that correction officer's action of opening inmate's cell to permit fellow officers to assault inmate was beyond scope of employment). These cases, involving intentional torts unrelated to the defendants' authority and duties, are distinguishable from Degrafinreid's claim that Defendants negligently performed their duties as DOCS employees.

### Conclusion

For the reasons set forth below, Defendants' motion for reconsideration is granted, and Degrafinreid's negligence claim against Defendants in their individual capacities is dismissed.

It is so ordered.