■ In the Matter of MARCUS GARVEY NURSING HOME, INC., et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [619 NYS2d 106] —Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights, dated November 18, 1992, which, after a hearing, found that the petitioners had unlawfully discriminated against Anthony Frazier, and awarded Frazier compensatory damages for mental anguish in the amount of $150,000.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of annulling the award of $150,000 for mental anguish, the determination is otherwise confirmed, the proceeding is otherwise dismissed, and the matter is remitted to the New York State Division of Human Rights for the imposition of a new award of compensatory damages not to exceed $75,000.

Upon our review of the record, we find that the determination of the Commissioner of the New York State Division of Human Rights (hereinafter the Commissioner), that petitioner Marcus Garvey Nursing Home, Inc. (hereinafter the nursing home) unlawfully discriminated against the complainant Anthony Frazier by placing him in strict isolation because he tested HIV-seropositive, is supported by substantial evidence. "It is peculiarly within the domain of the Commissioner, who is presumed to have special expertise in the matter, to assess whether the facts and the law support a finding of unlawful discrimination" (Matter of Club Swamp Annex v White, 167 AD2d 400, 401). Moreover, it is well settled that a finding of discrimination by the State Commissioner of Human Rights "must be confirmed if it is supported by substantial evidence" (Matter of Consolidated Edison Co. v New York State Div. of Human Rights [Easton], 77 NY2d 411, 417). The Commissioner's determination that petitioner Ruby Weston, the nursing home's administrator, unlawfully discriminated against Frazier for her refusal to allow him to use a public telephone in the nursing home is also supported by substantial evidence (Matter of Totem Taxi v New York State Human Rights Appeal Bd., 65 NY2d 300, 305).

Moreover, we disagree with the contention of the nursing home and Weston that Frazier's testimony was insufficient to support an award of compensatory damages for mental anguish. It is well settled that "a complainant's testimony as to

the mental anguish he suffered is sufficient to support such an award *(Cullen v Nassau County Civ. Serv. Commn.,* 53 NY2d 492, 497; *Matter of New York City Tr. Auth. v State Div. of Human Rights,* 163 AD2d 315), and that expert medical or other corroborative testimony is not required *(see, Italiano v New York State Div. of Human Rights,* 36 AD2d 1009, *affd* 30 NY2d 796)" *(Matter of Club Swamp Annex v White, supra,* at 402-403).

We agree, however, that the award of $150,000 was excessive. While "the relief imposed by the Commissioner need only be reasonably related to the discriminatory conduct", "there must be some evidence of the magnitude of the injury, to assure that the Commissioner's damage award is neither punitive nor arbitrary" *(Matter of New York City Tr. Auth. v State Div. of Human Rights,* 78 NY2d 207, 217). In the case at bar, Frazier presented evidence that he was lonely, depressed, agitated and generally tearful as a result of his isolation. While this endured for 9½ months, there was no evidence as to the severity or consequences of his condition, nor was there any evidence that Frazier sought any medical treatment for it *(see, Matter of Cosmos Forms v State Div. of Human Rights,* 150 AD2d 442). Comparing this case to similar cases, an award of $150,000 is excessive and we remit the matter to the New York State Division of Human Rights for the imposition of a new award not to exceed $75,000 *(see, SUNY Coll. of Envtl. Science & Forestry v State Div. of Human Rights,* 144 AD2d 962). Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.