■ In the Matter of NEW YORK STATE DIVISION OF HUMAN RIGHTS, on Behalf of JASON DUBIN, Petitioner, v MARCUS GARVEY NURSING HOME, Respondent. [672 NYS2d 130] —Proceeding pursuant to Executive Law § 298 to enforce an order of the Commissioner of the New York State Division of Human Rights, dated August 25, 1994, which, after a hearing, found that the respondent had unlawfully retaliated against the complainant by terminating her employment for assisting a person who was the subject of the respondent's unlawful discrimination and awarded the complainant compensatory

damages in the sum of $100,000, together with back pay in the principal sum of $38,550.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the Commissioner's order is modified by adding a provision thereto further reducing the award of back pay to the complainant by the amount of unemployment benefits she received subsequent to the termination of her employment; the Commissioner's order is otherwise confirmed, and the matter is remitted to the Commissioner for the imposition of a new award of back pay reduced by the amount of unemployment benefits received by the complainant subsequent to the termination of her employment.

The respondent, Marcus Garvey Nursing Home (hereinafter the Nursing Home), concedes that the determination of the Commissioner of the New York State Division of Human Rights is supported by substantial evidence (see, e.g., 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176). The Nursing Home unlawfully retaliated against the complainant by terminating her employment for assisting a patient with AIDS. The patient was the subject of unlawful discriminatory treatment at the Nursing Home (see, Matter of Garvey Nursing Home v New York State Div. of Human Rights, 209 AD2d 619).

Moreover, the relief imposed by the Commissioner was reasonably related to the unlawful discriminatory conduct (see, Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 217). Contrary to the Nursing Home's contention, the Commissioner properly added the standard amount of interest to the back-pay award (see, CPLR 5001, 5004; Matter of State Div. of Human Rights v Gissha White Plains Corp., 107 AD2d 750). We also find that the award of compensatory damages was supported by the evidence and within the range of awards previously approved by the courts (see, e.g., Matter of Consolidated Edison Co. v New York State Div. of Human Rights, 77 NY2d 411, 421).

However, the award of back pay should be further reduced by the amount of unemployment benefits received by the complainant subsequent to the termination of her employment. Rosenblatt, J. P., Copertino, Goldstein and McGinity, JJ., concur.