Henry E.S. OWEN, Plaintiff–Appellant,

v.

THERMATOOL CORPORATION, Defendant–Appellee.

Docket No. 97–9346.

United States Court of Appeals, Second Circuit.

Argued Aug. 13, 1998.

Decided Sept. 2, 1998.

44. 85 F.3d 839, 852 (2d Cir.), *cert denied,* —— U.S. ——, 117 S.Ct. 608, 136 L.Ed.2d 534 (1996).

45. *See SEC v. Cavanagh,* 1998 WL 440029 (S.D.N.Y. July 27, 1998).

**138**

Joseph D. Garrison, Garrison, Phelan, Levin–Epstein & Penzel, P.C., New Haven, CT, for Appellant.

Barbara E. Gardner, Law Office of Barbara E. Gardner, Hartford, CT, for Appellee.

Before: CALABRESI, CABRANES, and STRAUB, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge:

Plaintiff Henry E.S. Owen brought this action under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634, against his former employer, Thermatool Corporation ("Thermatool"), after Thermatool dismissed Owen from his position as Vice President of Sales and Marketing. The cause was tried to a jury in the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge*) in September 1997, and the jury found for Thermatool on the sole claim of age discrimination.

Plaintiff now appeals that verdict on the ground that the district court erred in instructing the jury that plaintiff must prove that his age was "a substantial factor" in the defendant's decision to terminate his employment. Plaintiff argues that the district court should have used the phrase "a motivating factor" instead. Because, in context, the contested language adequately characterizes the legal standard for liability under the ADEA, we affirm.

**I.**

In 1986, Thermatool hired Owen, then 52 years old, as a product manager. Within a short time, the company promoted Owen to Vice President, a position he retained until he was fired in November 1994. Plaintiff believes he was dismissed because of his age, which was at that time 60. According to the President of Thermatool, Theodore Morin, age was not a factor in the decision to terminate plaintiff. Morin testified at trial that the company eliminated plaintiff's position in November 1994 as part of a reorganization in response to changing market conditions. Furthermore, testimony at trial indicated that plaintiff had personal conflicts with Henry M. Rowan, the chairman of the board of Thermatool and founder and chief executive officer of its parent company.

At the close of trial, the district court instructed the jury on the standard to apply in determining liability under the ADEA. The charge to the jury included the following instruction:

To prevail on an age discrimination claim under the ADEA, the plaintiff need not prove that his age was the sole or exclusive factor motivating the defendant's decision to terminate his employment. Age may be one of a number of factors that motivates an employer's decision. Instead, the plaintiff is entitled to prevail if he proves that his age was a substantial factor in the defendant's decision to terminate his employment.

You may find that age was a substantial factor in the defendant's decision to termi-

nate the plaintiff's employment if you find that, but for the plaintiff's age, the defendant would not have terminated him.

The verdict form contains the phrase "substantial factor," and the court repeatedly used "substantial factor" or "substantial reason" in its instructions to the jury.

Following the jury charge, the jury returned a verdict for the defendant. This appeal followed.

## II.

■ In reviewing the district court's charge to the jury, we consider the charge as a whole. *Luciano v. Olsten Corp.*, 110 F.3d 210, 218 (2d Cir.1997). We will " 'not upset a judgment because of an error in jury instructions if the charge actually given was correct and sufficiently covered the essential issues.' " *Id.* (quoting *BAII Banking Corp. v. UPG, Inc.*, 985 F.2d 685, 696 (2d Cir.1993)). A jury instruction is erroneous "if the instruction misleads the jury as to the proper legal standard, or it does not adequately inform the jury of the law," but such an error will not be grounds for reversal unless "taken as a whole, the jury instructions gave a misleading impression or inadequate understanding of the law." *Id.* (citations and internal quotation marks omitted).

■ In the circumstances presented, the district court's use of the phrase "substantial factor" rather than "motivating factor" was not misleading and adequately informed the jury of the law. The words "substantial" and "motivating" are reasonably interchangeable or at least have considerable overlap. *See Fields v. New York State Office of Mental Retardation and Developmental Disabilities*, 115 F.3d 116, 120–21 (2d Cir.1997) (generally stating that plaintiff must prove prohibited consideration was a "motivating factor" in employer's decision, but also referring to "a substantial or a motivating factor" and "a substantial motivating reason"(emphasis

omitted)); *Burger v. New York Institute of Technology*, 94 F.3d 830, 833 (2d Cir.1996) (requiring evidence sufficient to support inference that impermissible motive was "a substantial factor"); *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1181 (2d Cir.1992) (characterizing plurality opinions in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), as requiring proof that illegitimate factor "had a 'motivating' or 'substantial' role" in employment decision). While the phrase "motivating factor" is perhaps a more precise and more typical statement of the standard for liability in ADEA cases, the trial court's use of "substantial factor" adequately stated the law in this case.

■ In support of his argument that the use of "substantial factor" here constituted reversible error, plaintiff relies heavily on *Renz v. Grey Advertising, Inc.*, 135 F.3d 217 (2d Cir.1997), an ADEA case in which we found error in a charge instructing the jury that the plaintiff bears the burden of proving that her age was "the real reason" for her discharge. We so held largely because the instruction in *Renz* referred to "the" real reason, not "a" real reason. *See id.* at 222. We noted that the phrase "age was the real reason" implies that "age was the sole or primary reason for the employer's action." *Id.* Despite our conclusion that the charge was erroneous, we affirmed the judgment of the district court in *Renz* because the error did not prejudice the plaintiff. *See id.* In contrast, our reading of the record in the instant case persuades us that the phrase "age was a substantial factor," like the phrase "age was a motivating factor," conveyed the idea that age had to be one of the considerations motivating the employer's decision and did not suggest that the prohibited consideration had to be the only reason or the primary reason for the adverse employment action.[1] In sum, plaintiff's reliance on *Renz* is misplaced.

---

**1.** In this respect, we emphasize that the particular words used in a jury instruction may (depending on the circumstances) be less important than the meaning or substance of the charge as a whole. What is important is that the charge conveys the idea that (1) the impermissible factor (in ADEA cases, age) must have played a role in

the employer's decision, *see Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993), *Price Waterhouse*, 490 U.S. at 250, 109 S.Ct. 1775 (plurality opinion), and (2) the factor need not have been the sole consideration motivating the employer's decision, *see id.* at 241, 109 S.Ct. 1775.

## III.

The jury instructions given by the district court, taken as a whole, did not mislead the jury or misstate the law. Accordingly, the judgment of the district court is affirmed.[2]

---

**2.** Plaintiff also takes issue on appeal with the admission into evidence of a chart introduced by defendant at trial. He objects to the chart, which demonstrates that the average age of Thermatool's employees did not change as a result of reorganization, because it includes both employees whose jobs were eliminated during the reorganization and employees who left for other reasons or who left outside the relevant time period. Plaintiff requests only that the chart be excluded as irrelevant "[u]pon retrial" and does not claim that its admission constituted reversible error. In any event, we believe the chart was relevant and properly admitted. Even if the chart could be said to have been admitted in error, the error would be manifestly harmless.