**James COURTNEY and Edward Fernandez, Plaintiffs,**

v.

**The CITY OF NEW YORK, Defendant.**

**No. 96 Civ. 4215 SHS.**

United States District Court, S.D. New York.

Sept. 28, 1998.

Rosemary Carroll, Carroll & Friess, New York City, NY, for plaintiff.

Susan Halatyn, Asst. Corporation Counsel, New York City, NY, for defendant.

## OPINION

STEIN, District Judge.

An Inspector and a Deputy Inspector in the New York City Police Department brought this action alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, and the New York State Human Rights Law ("HRL"), codified at N.Y.Exec.L. §§ 290–301. Inspector James Courtney and Deputy Inspector Edward Fernandez allege that they were assigned to work as full-time Duty Inspectors of the New York City Police Department because of their ages and that after assuming their new positions as Duty Inspectors they were constructively discharged. The position of full-time Duty Inspector, they allege, entailed performing duties normally carried out by lower ranking officers, such as filling out reports on precinct conditions, and traveling in a marked police car for long periods of time.

The action was tried before a jury during an eight day period in May of this year. At its conclusion, the jury found that age was not a motivating factor in the City's decision to assign Inspector Courtney to the full-time Duty Inspector position but that it was a motivating factor with respect to Deputy Inspector Fernandez. The jury also found that age was not a motivating factor in the City's failure to promote plaintiffs. Finally, the jury found that neither plaintiff was constructively discharged. Based on those findings, the jury awarded Fernandez $139,000 in compensatory damages.

The City has now moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50, or in the alternative, for a new trial pursuant to Fed.R.Civ.P. 59 on the grounds that (1) the jury's findings were contrary to the weight of the evidence, (2) the Court erroneously charged the jury that plaintiffs need only prove that age was a "motivating," not a "determinative," factor in the challenged decisions, and (3) the admission of rebuttal testimony from one witness constituted reversible error. The City has also requested a new trial on damages, or a substantial remittitur, on the grounds that the compensatory damages award was excessive and not supported by the evidence.

Plaintiffs cross move for declaratory and injunctive relief pursuant to 29 U.S.C. § 626(b). Specifically, plaintiffs seek judgment (1) declaring that the City's assignment of Fernandez to the Duty Inspector position constituted age discrimination pursuant to the ADEA and HRL, (2) directing the City to cease implementing the Duty Inspector assignment in a manner that violates the ADEA or HRL, and (3) directing the City to post the judgment in this action for one year in all precincts of the NYPD. For the reasons that follow, the City's motion is denied in all

respects except that its request for a remittitur is granted and plaintiff Fernandez must elect either to accept a remitted award of $100,000 or to conduct a new trial on damages; plaintiff's motion for injunctive relief is granted to the extent described below.

## A. Motion for Judgment as a Matter of Law

■ Judgment as a matter of law pursuant to Fed.R.Civ.P. 50 should be entered only when there is such " 'an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him.' " *Song v. Ives Laboratories, Inc.*, 957 F.2d 1041, 1046 (2d Cir.1992) (quoting *Mattivi v. South African Marine Corp.*, 618 F.2d 163, 168 (2d Cir.1980)). The City contends that Deputy Inspector Fernandez failed to establish a prima facie case of age discrimination. In order to establish age discrimination pursuant to the ADEA and the HRL, plaintiff must prove 1) that he was in the protected age group; 2) that he was qualified for the position; 3) that he suffered an adverse employment decision, and 4) that the adverse employment decision occurred under circumstances giving rise to an inference of discrimination. *Norton v. Sam's Club*, 145 F.3d 114, 118 (2nd Cir.1998). Plaintiff's burden is not an onerous one and Fernandez has most decidedly met it.

■ First, Fernandez was 60 years old when he was transferred to the full-time Duty Inspector position; he therefore falls within the protected class.

Second, there was ample evidence that Fernandez was qualified to be the Commanding Officer of the 83rd precinct, the position he held just prior to his transfer to the full-time Duty Inspector position (after he had declined a transfer to the 62nd precinct). (Tr. 768, 780–81, 831, 979–80). The City places much reliance on Chief of Department Louis Anemone's testimony that Fernandez's qualifications were best suited for the 62nd precinct. That testimony is not dispositive. The jury was entitled to discount Chief Anemone's testimony in light of the evidence regarding Fernandez's qualifications and performance as Commanding Officer of the 83rd precinct.

Third, there was proof that Fernandez suffered an adverse employment decision. The testimony elicited at trial demonstrated that a transfer from an "A" precinct, such as the 83rd, to a "C" precinct, such as the 62nd, was a demotion in the sense that it was generally understood that a "C" precinct was the least difficult precinct to command. (Tr. 718, 772). In addition, there was evidence that the position of full-time Duty Inspector was looked upon within the NYPD as a career ending assignment. (Tr. 248–50).

Fourth, there was an abundance of evidence that Fernandez's assignment to the position of Duty Inspector occurred under circumstances giving rise to an inference of discrimination. At the inception of the Duty position as a full-time position, then Commissioner William Bratton communicated his intention to replace the "old dead wood" with "young" and "aggressive" commanders. (Tr. 527). He then selected younger persons to replace officers in the highest ranks. (Tr. 716–17). Indeed, Fernandez was replaced in the 83rd precinct by an officer who was 43 years old. (Tr. 780–81). In light of the trial evidence that Fernandez was well-respected as the Commanding Officer of the 83rd precinct, the jury may reasonably have decided not to credit the testimony of Chief Anemone that the decision to transfer Fernandez was based solely on an assessment that his skills would be better utilized in the 62nd precinct.

Since there is not "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture," the City's motion for judgment as a matter of law is denied. *Galdieri–Ambrosini v. National Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir.1998) (internal quotations omitted).

## B. Motion for a New Trial

### 1. Insufficiency of Evidence

■ As an alternative to its request for judgment as a matter of law, the City requests a new trial on liability. A new trial is warranted only where the movant can demonstrate that the jury reached a "seriously erroneous result" or that its verdict on liabili-

ty is a "miscarriage of justice." *Annis v. County of Westchester*, 136 F.3d 239, 246 (2d Cir.1998) (quoting *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 17 (2d Cir. 1996)). There was sufficient evidence on which the jury was entitled to base its conclusion that Fernandez suffered age discrimination and this Court will respect that verdict in the absence of any showing that it represents a miscarriage of justice.

### 2. Jury Charge

█ The City also asserts that a new trial should be granted because the jury's verdict in favor of Fernandez was the result of an erroneous jury instruction. When the request for a new trial is based on an alleged error in the jury charge, a new trial is granted only when "taken as a whole, the jury instructions gave a misleading impression or inadequate understanding of the law." *Luciano v. Olsten Corp.*, 110 F.3d 210, 218 (2nd Cir.1997) (internal quotations omitted).

Specifically, the City contends that the Court incorrectly charged the jury that plaintiffs would prevail if they proved that age was a "motivating" factor in the City's decision to assign them to the full-time Duty Inspector position. The City urges that the correct standard is one that requires plaintiffs to prove that age was a "determinative" factor in the City's decision.

█ The Court gave the following instruction to the jury:

To establish his case, each plaintiff must persuade you by a preponderance of the evidence that age was a motivating factor in the defendant's adverse employment actions. It was a motivating factor if you find that it played a role in the defendant's decision, even though other factors may have also played roles in that decision.

The plaintiffs do not have to show that age was the only or even the principal reason for the adverse employment action, but their claims cannot succeed unless their age played a motivating role in, or

contributed to, the employer's decision. You may consider whether the defendant's reasons were a cover-up for discrimination, but it is the plaintiff who must prove that age was a motivating factor.

Plaintiff is entitled to prevail when age substantially motivated the employer's decision even though some legitimate factor might also have contributed to the employer's decision.

You must bear in mind that the City had the right to make adverse decisions about plaintiffs' employment for any reason, including a bad reason, an ill-considered reason or no reason at all, or because of a mistake or personal antipathy, or fairly or unfairly, as long as the decision was not made because of their age... An employer is permitted to make an incorrect or unfair business decision so long as the decision is not motivated by unlawful discrimination. So the issue for you is whether the plaintiffs' age was a motivating factor in the adverse employment actions.

(Tr. 1782–83).

This instruction was well within the parameters established by the Second Circuit. For example, in *Renz v. Grey Advertising, Inc.*, 135 F.3d 217, 222 (2d Cir.1997), the court wrote that an ADEA plaintiff is entitled to prevail if she demonstrates that her age played a "motivating role in, or contributed to, the employer's decision." The court also noted that in a mixed motive case, such as this one,[1] an "adverse employment action creates liability when discrimination substantially motivates the action, even though some legitimate factor might also contribute to the employer's decision." *Id.* at 222 n. 3. The Second Circuit held specifically that "an ADEA plaintiff need not prove that age was the only or even the principal reason for the complained-of employment action." *Id.* at 222. Given this holding, defendant's reliance on a "but-for" analysis and its contention that plaintiffs had to prove that age was "determinative" must be rejected. *See Price Water-*

---

**1.** In this action, the Court determined that plaintiffs were entitled to a mixed-motive jury instruction that required the jury to first determine whether age was a motivating factor in the City's decision and, if it found in the affirmative, to

then consider whether the City would have taken the same action regardless of plaintiffs' ages. *See Ostrowski v. Atlantic Mutual Ins. Companies*, 968 F.2d 171, 182 (2nd Cir.1992). *See also Raskin v. Wyatt Co.*, 125 F.3d 55, 60 (2d Cir.1997).

*house v. Hopkins,* 490 U.S. 228, 259, 109 S.Ct. 1775, 1795, 104 L.Ed.2d 268 (1989) (White, J. concurring) (rejecting a but-for analysis and noting that defendant must show that unlawful motive was a "substantial factor" in the adverse employment action). *See also Owen v. Thermatool Corp.,* 155 F.3d 137, 139, 1998 WL 557092, at *2 (2d Cir. Sept.2, 1998) (finding that use of the phrase "substantial factor" in jury instruction did not mislead jury since "substantial" and "motivating" are "reasonably interchangeable"); *Cartagena v. Ogden Serv. Corp.,* 995 F.Supp. 459, 464 (S.D.N.Y.1998); *Sanderson v. City of New York,* 1998 WL 187834, at * 2 (S.D.N.Y. April 21, 1998). The City's motion for a new trial based on alleged error in the jury charge is denied.

### 3. Collateral Witness

During the presentation of the City's evidence, a Deputy Inspector who had been assigned to the full-time Duty Inspector position—just as plaintiffs had been—testified that he had never told a colleague that he believed his assignment to the full-time Duty Inspector position was punishment for a relationship he purportedly had had with a NYPD subordinate. After the close of the City's case, the Court permitted plaintiffs to call a rebuttal witness who testified that the Deputy Inspector indeed had told him that he had been assigned to the Duty position as punishment. The rebuttal testimony was restricted to three narrow questions and the Court, before allowing the questions to be asked, instructed the jury that the hearsay statements were not being introduced for the truth of the matter asserted. (Tr. 1685–86).

■ The City's main contention is that the rebuttal testimony was impermissibly collateral and its introduction constituted reversible error. Its only claim of prejudice is that the jury may have been tainted by allegations of an affair between one of the City's witnesses and a subordinate employee. In light of the limiting instruction to the jury and the fact that the rebuttal witness was called for the narrow purpose of impeaching a prior statement, the City has not met its burden of demonstrating that the introduction of this limited rebuttal testimony was

"so clearly prejudicial to the outcome of the trial" that it resulted in a verdict that is a "miscarriage of justice." *Luciano,* 110 F.3d at 217. The City's motion for a new trial based on the rebuttal testimony is denied.

### 4. Remittitur

The City requests a new trial on damages or a substantial remittitur on the ground that the jury award of $139,000 in compensatory damages is excessive.

■ Initially, the City contends that the jury's award was made pursuant to the state Human Rights Law and not pursuant to the ADEA. This Court agrees. The ADEA allows recovery of back and front pay and liquidated damages, but does not allow recovery for pain and suffering, emotional distress, humiliation, or injury to professional reputation. *Commissioner of Internal Revenue v. Schleier,* 515 U.S. 323, 325–26, 115 S.Ct. 2159, 2162, 132 L.Ed.2d 294 (1995). The HRL, however, does permit recovery for damages such as pain and suffering and emotional distress. *See* N.Y.Exec.L. § 297(9).

In this case, the jury could not have awarded Fernandez damages for back pay since he suffered no reduction in pay when he was assigned to the position of full-time Duty Inspector. In addition, the jury could not have awarded him front pay since it ultimately found that he was not constructively discharged (*see* Jury Verdict, Q.7), and that the City's failure to promote him was not motivated by his age. (*Id.,* Q.4) Thus, Fernandez is not entitled to any front pay for the loss of income and pension that he would have received had he remained with the NYPD until he reached age 63, the age of mandatory retirement. In light of these facts, the jury award consisting of $139,000 in compensatory damages was necessarily rendered pursuant to the HRL.

■ In determining whether the damage award is excessive, this Court will look to state law since the award was granted pursuant to state law claims over which this Court exercises supplemental jurisdiction. *See Shea v. Icelandair,* 925 F.Supp. 1014, 1020 (S.D.N.Y.1996) (citing *Baker v. Coughlin,* 77 F.3d 12, 15 (2d Cir.1996)); *cf. Gasperini v.*

*Center for Humanities, Inc.,* 518 U.S. 415, 437, 116 S.Ct. 2211, 2225, 135 L.Ed.2d 659 (1996) (applying state law to determine excessiveness of verdict in diversity suit). The New York standard for determining the excessiveness of a jury's verdict is whether it "deviates materially from what would be reasonable compensation." CPLR § 5501(c).[2]

There was a paucity of evidence at trial regarding the extent and magnitude of damages that plaintiff Fernandez sustained as a result of being assigned to the position of full-time Duty Inspector. There was sufficient evidence, however, for the jury to have concluded that Fernandez suffered harm to his professional reputation as well as mental harm from the stress of the new position and from what was considered the demeaning nature of tasks that he was required to perform. For example, Deputy Inspector Fernandez testified that after a departmental order was circulated informing members of the NYPD that he had been assigned to the Duty Inspector position (Tr. 832), he was "[l]ooked upon as an outcast, someone that is not part of the crowd any more." (Tr. 836).

In addition, Fernandez testified that he submitted his retirement application because of the "loss of reputation, the physical problems associated with [the Duty Inspector position], the stress associated with it, the mental stress associated with it, the humiliation and the denigration." (Tr. 836). He testified that he experienced loss of sleep and that an existing back problem was exacerbated because of the additional driving he had to do. (Tr. 837). He also testified that his job duties included tasks typically performed by lower ranking officers (*see* Tr. 890), and that no use was ever made of the reports that he was required to prepare as a Duty Inspector. (Tr. 833).

Because there was virtually no evidence elicited at trial regarding the severity, duration, and consequences of the emotional harm that Fernandez suffered, limited remittitur is appropriate in this case. *See Shea,* 925 F.Supp. at 1027. Although Fernandez is not

required to corroborate his testimony regarding mental anguish in order to support a compensatory damages award, *see Marcus Garvey Nursing Home, Inc. v. New York State Div. of Human Rights,* 209 A.D.2d 619, 619–20, 619 N.Y.S.2d 106 (App.Div. 2nd Dep't 1994), there was no evidence of any visits to doctors or medical treatment, of the duration of the mental anguish, its severity or consequences that would support an award of $139,000. It also bears noting that Fernandez held the position of Duty Inspector for only approximately four months. (Tr. 832, 836).

The question of the specific amount of damages Fernandez is entitled to in order to compensate for his injuries cannot be answered with precision. The remitted award should represent the maximum amount that would not "deviate materially" from awards in similar cases. *See Shea,* 925 F.Supp. at 1029. The case law regarding mental damage awards pursuant to the New York Human Rights Law is not entirely instructive since not only have damage awards in discrimination cases spanned a broad spectrum, *see Sanderson,* 1998 WL 187834, at * 8 (cataloging and comparing cases), but many of the cases provide scant elaboration of the reasons supporting a finding of excessiveness. *See, e.g., Allender v. Mercado,* 233 A.D.2d 153, 649 N.Y.S.2d 144 (App.Div. 1st Dep't 1996); *Boutique Indus., Inc. v. New York State Div. of Human Rights,* 228 A.D.2d 171, 643 N.Y.S.2d 986 (App.Div. 1st Dep't 1996); *Ebasco Serv. Inc. v. New York State Div. of Human Rights,* 234 A.D.2d 81, 651 N.Y.S.2d 299 (App.Div. 1st Dep't 1996).

Taking into account both the limited evidence at trial regarding the extent of Fernandez's damages, and the broad array of damage awards upheld pursuant to New York law, this Court finds that the maximum Fernandez could recover pursuant to New York law is $100,000. *See Allender,* 233 A.D.2d at 153, 649 N.Y.S.2d 144 (upholding award of $100,000 for mental anguish in employment discrimination suit); *Boutique In-*

---

**2.** The federal standard used to assess the excessiveness of a damage award is whether the award "shocks the conscience." The New York standard is less deferential to the jury's verdict than the federal standard. *See Consorti v. Armstrong World Indus.,* 72 F.3d 1003, 1011 (2nd Cir.1995), *vacated on other grounds,* 518 U.S. 1031, 116 S.Ct. 2576, 135 L.Ed.2d 1091 (1996).

*dus.,* 228 A.D.2d at 171, 643 N.Y.S.2d 986 (reducing award of $150,000 to $100,000 in age discrimination suit); *Sanderson,* 1998 WL 187834, at *10 (reducing award of $450,-000 to $100,000 in age discrimination suit for plaintiff who held position of Duty Chief for six or seven months and testified to loss of reputation and "discombobulat[ion]" of his personal life).

Thus, the City's motion for a new trial based on an excessive damage award is denied on condition that plaintiff Fernandez accept a damage award of $100,000. If he does not accept this remitted award, his action will be retried on the issue of damages only. Plaintiff Fernandez has 30 days in which to elect either a remittitur or a new trial on damages.

## C. *Motion for Declaratory and Injunctive Relief*

Plaintiffs also request equitable relief in the form of a judgment (1) declaring that the City's assignment of plaintiff Fernandez to the Duty Inspector position constituted age discrimination pursuant to the ADEA and HRL, (2) directing the City to cease implementing the Duty Inspector assignment in a manner that violates the ADEA or HRL, and (3) directing the City to post the judgment in this action for one year in all precincts of the NYPD.

The ADEA provides that this Court "shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter ..." 29 U.S.C. § 626(b). Thus, a district court has broad discretion in fashioning relief pursuant to the ADEA. *See Malarkey v. Texaco,* 983 F.2d 1204, 1214 (2d Cir.1993); *Sharkey v. Lasmo (Aul Ltd.),* 15 F.Supp.2d 401, 403, 1998 WL 458245, at *1 (S.D.N.Y. Aug.3, 1998).

In this case, the jury's verdict was mixed to the extent that it did not find that the City had discriminated at all against plaintiff Courtney and it found that the City did not willfully discriminate against Fernandez. (*See* Jury Verdict, Q.10.). Moreover, neither the jury verdict nor the trial evidence support a finding of systematic age discrimi-

nation by the City in the implementation of the full-time Duty Inspector position. Accordingly, plaintiffs' request for injunctive and declaratory relief is denied.