Richard KESSLER, Plaintiff–
Appellant,

v.

WESTCHESTER COUNTY DEPART-
MENT OF SOCIAL SERVICES and
Westchester County, Defendants–Appellees.

No. 07–1842–cv.

United States Court of Appeals,
Second Circuit.

Jan. 30, 2009.

Antonia Kousoulas, Kousoulas & Associates, P.C., New York, NY, for Plaintiff–Appellant.

Joseph A. Saccomano, Jr. (Susanne Kantor, on the brief), Jackson Lewis LLP, White Plains, NY, for Defendants–Appellees.

PRESENT: Hon. AMALYA L. KEARSE, Hon. CHESTER J. STRAUB and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Richard Kessler appeals from the judgment by the district court following a jury trial in which the jury found in favor of Defendants–Appellees Westchester County Department of Social Services and Westchester County (collectively, "County") on Kessler's claim that the County had retaliated against him in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Kessler alleges three errors in the district court's instructions to the jury. We assume the parties' familiarity with the facts and the proceedings in the district court.

"We review a claim of error in a jury instruction *de novo* and will reverse only if the error was prejudicial in light of the charge as a whole." *Bruneau v. South Kortright Cent. Sch. Dist.*, 163 F.3d 749, 761 (2d Cir.1998). Further, "[a] jury instruction is proper so long as the charge correctly and sufficiently covers the case to allow the jury intelligently to decide the questions presented to it." *Id.* In order to prove a charge of retaliation in violation of Title VII or the ADEA, a plaintiff must show that: (1) he was engaged in a protected activity; (2) his employer was aware of that activity; (3) he was subject to an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *See Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir.2000) (discussing the elements of a Title VII retaliation claim); *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85 (2d Cir.1990) (discussing the elements of an ADEA retaliation claim).

■ Kessler argues that the district court erred in declining to include specific language instructing the jury that he could prove the requisite causal connection through circumstantial evidence as well as directly though evidence of retaliatory animus. "This Court has ... consistently held that proof of causation can be shown either: (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence ...; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Gordon*, 232 F.3d at 117.

Kessler claims that the instruction in this case misstated the law by foreclosing the possibility that the jury could rely on evidence of retaliatory animus to find that Kessler had proven the requisite causation. We do not agree. With respect to causation, the district court instructed the jury that Kessler was required to "prove that his protected activity was a substantial or motivating factor" in the adverse employment action. The instruction on causation did not direct the jury to consider one type of evidence over, or to the exclusion of, the other. Further, earlier in its instructions the district court described to the jury the difference between direct and circumstantial evidence and told the jury, "The law makes no distinction between direct or circumstantial evidence.... And you can consider either or both and give them such weight as you conclude is warranted." The district court's decision not to include the specific language requested by Kessler did not amount to an error in this case.

■ Kessler also argues that the district court erred when it denied his request that it include language in the retaliation charge specifically instructing the jury that Kessler was not required to prove that the retaliatory motive was the sole or primary reason for the adverse employment action. It is well established that with respect to causation a plaintiff in a retaliation case need prove only that the retaliatory animus was one factor in the

adverse employment decision. *See Terry v. Ashcroft,* 336 F.3d 128, 140–41 (2d Cir. 2003) (noting that Title VII and the ADEA are "violated when 'a retaliatory motive plays a part in adverse employment actions toward an employee, whether or not it was the sole cause' ")(quoting *Cosgrove v. Sears, Roebuck & Co.,* 9 F.3d 1033, 1039 (2d Cir.1993)).

Kessler correctly argues that he was not required to prove that retaliatory animus was the only motivating factor in the County's decision to transfer him to the Yonkers office. We conclude, however, that the district court's charge correctly stated the law on this point. The district court instructed the jury that Kessler was required to prove "that his protected activity was a substantial or motivating factor" (emphasis added) in the adverse employment action, it did not instruct that Kessler was required to prove that his protected activity was the only or exclusive motivating factor. The district court's instructions allowed the jury to conclude that Kessler had proven the requisite causation by demonstrating that the prohibited animus was one of several factors in the County's decision to transfer him. *See, e.g., Owen v. Thermatool Corp.,* 155 F.3d 137, 139 (2d Cir.1998) (noting in an age discrimination case that the phrases "age was a substantial factor" and "age was a motivating factor" both "conveyed the idea that age had to be one of the considerations motivating the employer's decision and did not suggest that the prohibited consideration had to be the only reason or the primary reason for the adverse employment action"). The district court's decision not to include the specific language requested by Kessler did not amount to an error in this case.

Finally, Kessler argues that the district court's instruction improperly required him to prove that the County's explanation for the adverse employment action was pretext. We have two difficulties with this contention. First, Kessler's own proposed instructions expressly requested such an instruction: Plaintiff's Requested Jury Charge No. 5 read, in part, "[i]f Defendant articulates a non-discriminatory reason for Plaintiff's transfer, Plaintiff must prove that Defendant's explanation is pretextual." And, at the recorded charging conference, Kessler's counsel stated, after reviewing the court's proposed instructions, "On page 17 of your Honor's instructions, I am proposing an insertion after the first paragraph and specifically plaintiff's proposed jury charge number 5." Had the court given this requested instruction, it would have been error, for it is well established that a plaintiff in a retaliation case does not bear the burden of proving that the defendant's explanation for the challenged employment decision is pretext, *see, e.g., Gordon,* 232 F.3d at 117–18; but Kessler would have no right to relief for an error he himself invited, *see, e.g., United States v. Young,* 745 F.2d 733, 752 (2d Cir.1984) ("[a] party is in no position to challenge the giving of an instruction which he has requested" (internal quotation marks omitted)), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 142 (1985).

Second, Kessler made no objection to the instructions actually given by the court on the issue of pretext. Thus, his present contention is reviewable only if he can establish plain error, *i.e.,* an error that was plain and affected his substantial rights. See Fed.R.Civ.P. 51(d)(2). He has failed to meet this test, for the instruction actually given in this case did not require Kessler to disprove the County's explanation for his transfer, and we cannot say the district court's instruction regarding the County's explanation for the adverse employment action constitutes an error, much less a plain error.

We have considered all of Kessler's contentions on this appeal and have found them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.