SUMMARY ORDER

Plaintiff-appellant Thomas Olson (“Olson”) appeals from a July 19, 2007 judgment, following a jury verdict, of the United States District Court for the Eastern District of New York (Vitaliano, J.), dismissing Olson’s claim that he' was terminated from the New York State Police Department (“Department”) and subject to other adverse employment actions in violation of Title II of the Americans with Disabilities Act (“ADA”), 42 U.S.C. § 12131 et seq. We assume the parties’ familiarity with the underlying facts and procedural history of this case.
Olson argues that the district court wrongly rejected his request that the jury be instructed pursuant to the mixed-motive burden shifting framework established in Price Waterhouse v. Hopkins, 490 U.S. 228, 258, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). While the parties dispute which standard of review applies to this analysis, because we find no error in the district court’s failure to provide a mixed-motive instruction, we need not decide this matter.
Though Olson produced some evidence of lax enforcement of the Department’s email and other policies, and some evidence that Department decision-makers *363 were aware of his disability when they penalized him for his actions, Olson failed to show that any of his colleagues engaged in the same type or degree of repeated and deliberate misconduct that led to Olson’s termination, yet were not subject to discipline. See Graham v. Long Island R.R., 230 F.3d 34, 40 (2d Cir.2000) (stating that a disparate treatment claim requires us to consider “whether the conduct for which the employer imposed discipline was of comparable seriousness”). As a result, he has failed to “produce a ‘smoking gun’ or at least a ‘thick cloud of smoke,’ to support his allegations of discriminatory treatment,” as is required to justify a mixed-motive instruction. Raskin v. Wyatt Co., 125 F.3d 55, 61 (2d Cir.1997) (citing Fields v. New York State Office of Mental Retardation and Dev. Disabilities, 115 F.3d 116, 124 (2d Cir.1997)).
While we find no error in the district court’s decision not to give a mixed-motive charge, during oral argument before us Olson also highlighted portions of the jury charge that he viewed as inadequate and likely to confuse the jury. We are troubled by some of this wording.
We have consistently held that a plaintiff in an employment discrimination ease need not prove that discrimination was the sole motivating factor, the primary motivating factor, or the real motivating factor in the adverse employment action; she need only prove that discrimination was a motivating factor. See Owen v. Thermatool Corp., 155 F.3d 137, 139 n. 1 (2d Cir.1998) (“[T]he particular words used in a jury instruction may (depending on the circumstances) be less important than the meaning or substance of the charge as a whole. What is important is that the charge conveys the idea that (1) the impermissible factor ... must have played a role in the employer’s decision, and (2) the factor need not have been the sole consideration motivating the employer’s decision.”) (internal citations omitted); Renz v. Grey Adver. Inc., 135 F.3d 217, 222 (2d Cir.1997) (“[I]t is well settled that an ADEA plaintiff need not prove that age was the only or even the principal reason for the complained-of employment action. Rather, the plaintiff is entitled to prevail if she demonstrates that her age played a motivating role in, or contributed to, the employer’s decision.”); Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 203 (2d Cir.1995) (“[T]he plaintiff is not required to show that the employer’s proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the ‘motivating’ factors.”).
The district court here instructed the jury, in pertinent part, as follows:
The second element of Olson’s claim is that the defendant discriminated against him because of disability. Under the ADA to satisfy this element, Olson must prove by a preponderance of the evidence that the state police took adverse employment actions against him intentionally and with a discriminatory animus because of his disability.
Without some explanation that Olson was required only to prove that discrimination was a motivating factor, that instruction is concerning. The use of the phrase “because of’ without explanation could have been confusing to the jury, as it could have suggested to the jury that it could find for plaintiff only if he proved that discrimination was the sole or primary reason he was fired.
But assuming, arguendo, that the district court abused its discretion in failing to expand upon the proper meaning of “because of,” see Care Travel Co. v. Pan Am. World Airways, Inc., 944 F.2d 983, 996 (2d Cir.1991) (“[A] trial court has dis *364 cretion in the style and wording of jury instructions.”), the error was harmless. The Department adduced overwhelming evidence at trial that Olson was fired for legitimate, non-discriminatory reasons. Cf Renz, 135 F.3d at 224 (affirming despite erroneous jury charge where evidence of non-discriminatory reasons was “overwhelming”). This included, for example, evidence that Olson told his supervisor that “there will be some bloodshed around here,” that he repeatedly violated departmental guidelines concerning email usage, that he used inappropriate language to refer to supervisors, and that he drafted a fake memorandum in another officer’s name and circulated it. Significantly, the verdict sheet shows that the jury rejected each alleged claim of discrimination. Moreover, as noted, Olson did not adduce evidence of other employees who engaged in similarly serious misconduct who were not discharged.
Finally, in light of the above, we do not reach the Department’s argument that an employment discrimination action for money damages cannot be sustained under Title II of the ADA.
For the foregoing reasons, the judgment of the district court is AFFIRMED.